UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BING QING ZHOU, Individually and on behalf of All Other Employees Similarly Situated,<br><br>        Plaintiffs,<br><br>    - against -<br><br>SLIM GRASS BEAUTY CORP. d/b/a Slim Grass Beauty, JIN XIA, a/k/a Tracy Xia,<br><br>        Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

  Plaintiff Bing Qing Zhou ("Plaintiff"), on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Slim Grass Beauty Corp. d/b/a Slim Grass Beauty ("Corporate Defendant"), Jin Xia, a/k/a Tracy Xia (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

  1.  This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, and all other non-exempt employees of the Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") and New York common law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

  2.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants failed to record all of the time that Plaintiff and similarly situated employees of Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

5. Plaintiffs further allege pursuant to New York Labor Law ("NYLL") § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) damages for Defendants' failure to provide wage notice at the time of hiring and failure to provide wage payment statement and failure to provide paystub at each pay cycle, (4) unpaid spread-of-hours premium, (5) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act, (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. Plaintiff Bing Qing Zhou ("Plaintiff") is an individual residing in the County of Queens, the State of New York.

## DEFENDANTS

*Corporate Defendant*

9. Upon information and belief, Corporate Defendant is a domestic business corporation organized under the laws of the State of New York with a principal business address at 40-20 Main Street 2/F, Flushing, New York, 11354.

10. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce and had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

*Owner/ Operator Defendants*

11. Defendant Jin Xia, a/k/a Tracy Xia, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jin Xia is sued individually in this capacity as owner, officer, and/or agent of Corporate Defendant.

12. Upon information and belief, Defendant Jin Xia, a/k/a Tracy Xia is the chief executive officer of Corporate Defendant.

13. Defendant Jin Xia is the owner, officer, director, manager, shareholder, and/or agent of Slim Grass Beauty Corp., and participated in the day-to-day operations of Defendant Corporation, manages and makes all business decisions including but not limited to determining wages and compensation of the employees of Defendants (including Plaintiff), establishing the schedules of the employees, maintaining employee records, and has the authority to hire and fire employees.

14. Defendant Jin Xia acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting Federal and New York State Department of Labor Regulations.

16. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

17. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual

4

suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

18. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

19. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

20. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

21. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff spread-of-hours pay as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

22. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

23. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

24. Defendants committed the following alleged actions knowingly, intentionally, and willfully.

25. Defendants operate a spa business under the name "Slim Grass Beauty Corp.," located at 40-20 main street 2/F, Flushing, New York, 11354.

6

26. From February 15, 2018 to June 23, 2018, Plaintiff was hired by Defendants to work as a Masseuse for "Slim Grass Beauty" located at 40-20 main street 2/F, Flushing, New York, 11354.

27. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

28. From February 2014 to March 2017, Plaintiff worked six (6) days per week with Sunday off, and Plaintiff's schedule was from 10:00 am to 7:00 pm. Plaintiff was not afforded uninterrupted meal breaks or rest periods. As a result, Plaintiff worked fifty-four (54) hours per week.

29. From April 2017 to June 2018, Plaintiff worked five (5) days per week with Tuesday or Thursday off, and the Plaintiff's schedule was from 10:00 am to 7:00 pm. Plaintiff was not afforded uninterrupted meal breaks or rest periods. As a result, Plaintiff worked forty-five (45) hours per week.

30. From June 14, 2018 to September 19, 2018, Plaintiff worked five (5) days per week with Tuesday or Thursday off. Plaintiff's schedule was either from 10:00 am to 2:30 pm or 2:30 pm to 7:00 pm each day she worked. As a result, Plaintiff worked twenty (20) hours per week.

31. From February 2014 to March 2017, Plaintiff's compensation was comprised of two parts: on the one hand, a fixed daily rate of $40.00 as his base pay; on the other hand, a commission of $700.00-$800.00 on average per month earned through providing products and services.

32. From April 2017 to August 2017, Plaintiff's compensation was comprised of two parts: on the one hand, a fixed daily rate of $50.00 as his base pay; on the other hand, a commission of $400.00 on average per month earned through providing massages.

7

33. From September 2017 to September 2018, Plaintiff's compensation was comprised of two parts: on the one hand, a fixed daily rate of $60.00 as his base pay; on the other hand, a commission of $400.00 on average per month earned through providing massages.

34. Throughout Plaintiff's employment with Defendants. Plaintiff received payments two times per month, one by check and the other by cash.

35. Throughout Plaintiff's employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

36. Plaintiff was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

37. Upon information and belief, Defendants began asking Plaintiff to do finger-print punch records on June, 2017, but failed to maintain the finger-print punch record policy. Plaintiff only did the punch from June, 2017 to September 2017.

38. Defendants did not provide Plaintiff with any wage notices at the time of her hiring.

39. Defendants did not provide Plaintiff or other Collective Action members with written notices about the terms and conditions of their employment upon hiring in relation to their rate of pay, regular pay cycle and rate of overtime pay.

## STATEMENT OF CLAIMS

### COUNT I
### Violations of the Fair Labor Standards Act—Minimum Wage

40. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

8

41. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

42. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

43. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

45. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

46. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT II
### Violation of New York Labor Law—Minimum Wage

48. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

50. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

51. Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III.
## Violations of the Fair Labor Standards Act—Overtime Wage

52. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C §207(a).

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C §216(b).

55. Defendants' failure to pay Plaintiff and the FLSA Collective for their overtime violated the FLSA.

56. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time-and-a-half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

57. The FLSA and supporting regulations required employers to notify employees of employment law requiring employers to notify employment law requirements. 29 C.F.R. §516.4.

58. Defendants willfully failed to notify Plaintiff and FLSA Collectives of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

59. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate the Plaintiff and Collective Action Members the statutory overtime rate of time-and-one-half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff and Collective Action members.

60. Plaintiff and the FLSA Collective Action Members were damaged in an amount to be determined at trail.

**COUNT IV**
**Violation of New York Labor Law—Overtime Pay**

61. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

63. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one-and-one-half times the hourly rate Plaintiff is entitled to.

64. Defendants' failure to pay Plaintiff the overtime violated the NYLL and was not in good faith.

## COUNT V
### Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring and Failure to Provide Wage Statement

65. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

67. Due to the Defendants' violation of the NYLL, § 195(1), Plaintiff is entitled to recover from the Defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

68. The Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

69. Due to the Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

70. The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

**COUNT VI**
**Violation of New York Labor Law—New York Pay Stub Requirement**

71. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

73. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of the Plaintiff, and did not provide the pay stub on or after Plaintiff's payday.

74. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $500 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### **Prayer for Relief**

**WHEREFORE**, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and New York Labor Law;

g) An award of damages for Defendants' failure to provide wage notice at the time of hiring and failure to provide wage statement as required under the New York Labor Law;

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys'

and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

October 15, 2018                                HANG & ASSOCIATES, PLLC.

                                                                                              /S/ Daniel Tannenbaum

Daniel Tannenbaum, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
dtannenbaum@hanglaw.com
*Attorneys for Plaintiff*

# Exhibit I

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Slim Grass Beauty Corp., Slim Herbal Beauty Inc., Bing Qing Zhou and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Bing Qing Zhou*
Full Legal Name (Print)

*Bing Qing Zhou*
Signature

*7/24/18*
Date