```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BING QING ZHOU, individually and on behalf of all        :
other employees similarly situated,                      :
                                                         :
                              Plaintiff,                 :   MEMORANDUM &
                                                         :   ORDER
        -against-                                        :   18-CV-5761 (ILG) (SJB)
                                                         :
SLIM GRASS BEAUTY CORP. d/b/a Slim Grass                 :
Beauty, SLIM HERBAL BEAUTY CORP. d/b/a Slim              :
Grass Beauty, JIN XIA a/k/a Tracy Xia, and KE HUI JIN,   :
                                                         :
                              Defendants.                :
                                                         :
-----------------------------------------------------------------x
```

GLASSER, Senior United States District Judge:

Plaintiff Bing Qing Zhou, individually and on behalf of all other employees similarly situated,[1] brings this action against defendants Slim Grass Beauty Corp. d/b/a Slim Grass Beauty, Slim Herbal Beauty Corp. d/b/a Slim Grass Beauty, Jin Xia a/k/a Tracy Xia, and Ke Hui Jin, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 190 *et seq.*  Am. Compl., Dkt. 21.  Before the Court is defendants' motion to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.  Mot. to Dismiss, Dkt. 28.  For the reasons set forth below, the motion is **DENIED** in its entirety.

## BACKGROUND

Plaintiff alleges that Jin Xia and her mother Ke Hui Jin are owners/managers of two spa businesses—Slim Grass Beauty Corp. and Slim Herbal Beauty Corp.—that operate under the common trade name "Slim Grass Beauty" and are located at 40-20 Main Street, 2/F and 2/A,

---

[1] Plaintiff has not yet moved for conditional certification of a collective action under the FLSA.

1

Flushing, New York, 11354. Am. Compl. ¶¶ 9, 11, 17, 18, 31. Specifically, plaintiff alleges that both Jin Xia and Ke Hui Jin participate in "the day-to-day operations" of the two entities, have "the authority to hire and fire employees," and make all business decisions, including, but not limited to, "determining wages and compensation of the employees . . . , establishing the schedules of the employees, [and] maintaining employee records." Id. ¶¶ 15, 19. Plaintiff alleges that she is entitled to unpaid minimum and overtime wages, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs for her work as a masseuse at Slim Grass Beauty from February 15, 2014, to June 23, 2018. Id. ¶¶ 4, 5, 32.

On October 15, 2018, plaintiff commenced this action against Slim Grass Beauty Corp. and Jin Xia. Compl., Dkt. 1. A summons was issued as to these defendants, Summons, Dkt. 3, but the docket reflects that it was not returned executed. Nevertheless, plaintiff's counsel and defendants' counsel appeared at an in-person initial conference on December 7, 2018, and defendants filed an answer with a counterclaim on January 18, 2019. Ans., Dkt. 12.

On August 6, 2019, plaintiff moved to amend the complaint to add new defendants Slim Herbal Beauty Corp. and Ke Hui Jin. Not. of Mot. to Amend, Dkt. 20; Mem. in Supp., Dkt. 20-1. The Court granted the motion as unopposed. Order dated Aug. 28, 2019; see Am. Compl., Dkt. 21. On September 25, 2019, plaintiff filed affidavits of service indicating that Vanessa "Smith," an individual who refused to provide her real last name, accepted service on behalf of Slim Herbal Beauty Corp. and Ke Hui Jin at 40-20 Main Street, 2/F and 2/A, Flushing, New York 11354. The affidavit of service with respect to Slim Herbal Beauty Corp. states that the process server "knew [Vanessa Smith] to be the GENERAL AGENT" of the corporation. Slim Herbal Beauty Corp. Aff. of Service, Dkt. 23. The affidavit of service with respect to Ke Hui Jin states that Vanessa "Smith" is a co-worker. Ke Hui Jin Aff. of Service, Dkt. 24.

Defendants thereafter moved to dismiss the amended complaint against all defendants for insufficient service of process pursuant to Rule 12(b)(5), against Ke Hui Jin for lack of personal jurisdiction pursuant to Rule 12(b)(2), and against Slim Herbal Beauty Corp. and Ke Hui Jin for failure to state a claim pursuant to Rule 12(b)(6). Mot. to Dismiss, Dkt. 28. Plaintiff opposed. Pl.'s Mem. in Opp., Dkt. 31. Defendants have not submitted a reply.

## DISCUSSION

### I. Service of Process on Slim Herbal Beauty Corp. and Ke Hui Jin

#### A. Legal Standard

To defeat a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of proof that defendant was adequately served with process. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010). In deciding a Rule 12(b)(5) motion, the court "must look[] to matters outside the complaint to determine whether it has jurisdiction," *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016), and must consider "the parties' pleadings and affidavits in the light most favorable to the non-moving party," *Krape v. PDK Labs Inc.*, 194 F.R.D. 82, 84 (S.D.N.Y. 1999); *see New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 308–09 (E.D.N.Y. 2014).

"In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002); *see Cablevision Sys. New York City Corp. v. Okolo*, 197 F. App'x 61, 62 (2d Cir. 2006). "In the absence of facts to the contrary, there is a presumption that service was properly effected." *CSC Holdings, Inc. v. Fung*, 349 F. Supp. 2d 613, 616 (E.D.N.Y. 2004). "A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old*

3

*Republic Ins. Co.*, 301 F.3d at 57. Such a hearing is not required "where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* (internal quotation marks and citation omitted).

The Second Circuit has held that Rule 4 of the Federal Rules of Civil Procedure is to be construed liberally "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks and citation omitted). In such circumstances, a court may dismiss an action for incomplete or improper service "unless it appears that proper service may still be obtained." *Id.* (internal quotation marks, alterations, and citation omitted).

B. <u>Service of Process on Slim Herbal Beauty Corp.</u>

Defendants do not argue that Slim Herbal Beauty Corp. never received service of process. Rather, defendants argue that personal delivery of the summons and amended complaint to a person named Vanessa "Smith" failed to effectuate legal service on Slim Herbal Beauty Corp. because Vanessa "Smith" is not an officer or agent authorized by appointment or by law to receive service of process on behalf of the corporation. Mot. to Dismiss at 5–6.

Service of process may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," subject to exceptions not applicable here. Fed. R. Civ. P. 4(e)(1). Because this action was commenced in the Eastern District of New York, service is governed by New York law.

Under New York law, service upon "any domestic or foreign corporation" is made by delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" or "pursuant

4

to [§§ 306 or 307] of the business corporation law." CPLR § 311(a)(1). Section 306 of the Business Corporation Law, in turn, provides that service on a domestic corporation may be satisfied by personally delivering duplicate copies of the process, together with the statutory fee, to the Secretary of State. N.Y. Bus. Corp. Law § 306(b)(1). "Service of process on such corporation shall be complete when the secretary of state is so served." *Id.* The Secretary of State then sends one of the copies by certified mail, return receipt requested, to the corporation. *Id.*

Here, defendants, in support of their motion, submit an affidavit by Min Tan, also known as "Vanessa," attesting that she "previously interned at SLIM HERBAL BEAUTY CORP." and "now work[s] for Joshua S. Friedman at the same location." Vanessa Aff. ¶¶ 1, 2, Dkt. 28-2. She affirms that she "do[es] not understand much English," but that, at the time of service, she "could understand the words 'SLIM GRASS BEAUTY' and 'TRACY' said by the Process Server" and "explained to the best of [her] abilities . . . that Slim Grass Beauty, Slim Herbal Beauty, and Tracy w[ere] no longer at the location and that [she] had a new boss." *Id.* ¶ 4. "However," she attests, "the process server dropped off the documents anyway and left." *Id.* Defendants also submit a letter signed by Yan Rivera, CPA, stating that "both 'Slim Grass Beauty Corp' (EIN: 45-4828954) and 'Slim Herbal Beauty Corp' (EIN: 81-4332500) ceased operation already and are in the progress of obtaining consent to dissolution." Rivera Ltr., Dkt. 28-1.

The affidavit by Vanessa and the letter by Yan Rivera raise the question of whether service pursuant to CPLR § 311(a)(1) was properly effected on Slim Herbal Beauty Corp. However, plaintiff submits, as part of her opposition papers, an affidavit of service attesting that plaintiff served the summons and amended complaint on Slim Herbal Beauty Corp. on September 13, 2019, by delivering two copies of each, along with the required fee, to a clerk authorized to accept service at the Secretary of State's office in Albany, New York. Aff. of Service on Sec. of State, Dkt. 31-

5

1.² Plaintiff is not required to submit evidence that the Secretary of State mailed a copy of the summons and amended complaint to Slim Herbal Beauty Corp. because service was deemed complete when copies of the process were delivered to the Secretary of State according to the statutorily approved method, "regardless of whether the Secretary then complied with her own statutory duty to mail the relevant documents" to Slim Herbal Beauty Corp. *United Specialty Ins. Co. v. Table Run Estates Inc.*, No. 18-CV-5848 (JPO), 2019 WL 2327699, at *3 (S.D.N.Y. May 30, 2019); *see Shanker v. 119 E. 30th, Ltd.*, 63 A.D.3d 553, 554 (1st Dep't 2009) ("Jurisdiction [is] obtained over [a] corporate defendant by service of process on the Secretary of State irrespective of whether the process ever actually reache[s] [that] defendant."). Moreover, as plaintiff points out, Slim Herbal Beauty Corp. was still active and had not yet dissolved at the time of service in September 2019. Pl.'s Mem. in Opp. at ECF pg. 9; *see* New York State, Department of State, Division of Corporations, Corporation and Business Entity Database, https://appext20.dos.ny.gov/corp_public (indicating that Slim Herbal Beauty Corp. dissolved on January 31, 2020).

Defendants did not submit a reply and therefore do not challenge the facts alleged in the affidavit of service on the Secretary of State. In addition, because all defendants are represented by the same attorney, the Court finds that Slim Herbal Beauty Corp. also had actual notice of this litigation. "Though not dispositive of the question of adequacy of service of process, such notice is evidence that the legislative goal of fair notice, which underlies the rules of service of process, has been fulfilled." *DCH Auto Grp. (USA), Inc. v. Fit You Best Auto., Inc.*, No. 05-CV-2973 (NG)(JMA), 2007 WL 2693848, at *4 (E.D.N.Y. Sept. 12, 2007) (quoting *Velez v. Vassallo*, 203 F. Supp. 2d 312, 323 (S.D.N.Y. 2002)).

---

² Plaintiff did not file this affidavit of service on ECF prior to the submission of her opposition papers.

Accordingly, the Court finds that Slim Herbal Beauty Corp. was properly served pursuant to New York Business Corporation Law § 306(b)(1) and, hence, Federal Rule of Civil Procedure 4(e)(1). *See Trustees of Empire State Carpenters Welfare, Pension Annuity, Apprenticeship, Charitable Tr., Labor Mgmt. Co-op., & Scholarship Funds v. Protrac Const., Inc.*, No. 11-CV-2288 (ADS)(GRB), 2013 WL 991616, at *4 (E.D.N.Y. Feb. 10, 2013), *report and recommendation adopted*, 2013 WL 991589 (E.D.N.Y. Mar. 12, 2013).

C. Service of Process on Ke Hui Jin

Defendants argue that personal delivery of the summons and amended complaint on Vanessa "Smith" was insufficient service on Ke Hui Jin because she is a citizen and permanent resident of China and should have instead been served in accordance with the Hague Convention. Mot. to Dismiss at 7.

Under New York law, service upon a "natural person" is completed (1) "by delivering the summons within the state to the person to be served" or (2) "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and then mailing the summons to the last known address or actual place of business of the person to be served. CPLR §§ 308 (1), (2). "New York courts have construed actual place of business to include (1) a place where defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by [him or] her with that place of business." *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-CV-5448 (ER), 2020 WL 2115409, at *3 (S.D.N.Y. May 4, 2020) (internal quotation marks and citation omitted).

Here, although Vanessa does affirm that at the time of service, "Slim Grass Beauty, Slim Herbal Beauty, and Tracy [a/k/a Jin Xia] w[ere] no longer at the location" and that Vanessa "was

7

no longer the co-worker of Tracy nor an employee of Slim Grass Beauty Corp.," Vanessa Aff. ¶¶ 4, 5, she failed to specifically deny the sworn statements by the process server that Vanessa "Smith" identified herself as Ke Hui Jin's co-worker or that the "premises [wa]s [Ke Hui Jin's] actual place of business within the state." Aff. of Service on Ke Hui Jin, Dkt. 28-3.  Therefore, the Court finds that Vanessa's affidavit does not rebut the presumption of proper service established by the process server's affidavit and does not necessitate an evidentiary hearing. Moreover, as stated above, the Court notes that there is no question that Ke Hui Jin had actual notice of this action, particularly since the same attorney represents all defendants and Ke Hui Jin is the mother of original defendant Jin Xia.  *Cf. Cao Xue Fen v. Yu Choi Wan*, No. 09-CV-1336 (SJ)(SMG), 2009 WL 10712997, at *1 (E.D.N.Y. Dec. 23, 2009) (noting that personal delivery on an unidentified, alleged co-worker of defendant, who refused to tell the process server her name, "leaves open the issue of whether service was properly effected, particularly when the defendant has failed to answer the complaint"), *report and recommendation adopted*, 2010 WL 11651768 (E.D.N.Y. Feb. 1, 2010).

      Therefore, the Court finds that Ke Hui Jin was properly served pursuant to CPLR § 308(2) and, hence, Federal Rule of Civil Procedure 4(e)(1).[3]  Defendants' motion to dismiss under Rule 12(b)(5) against Slim Herbal Beauty Corp. and Ke Hui Jin is denied.[4]

---

[3] Because Ke Hui Jin was properly served pursuant to CPLR § 308(2), plaintiff is not required to also serve Ke Hui Jin in accordance with the Hague Convention.

[4] Plaintiff was not required to serve the summons and amended complaint on original defendants Slim Grass Beauty Corp. and Jin Xia.

## II. Personal Jurisdiction over Ke Hui Jin

### A. Legal Standard

"[T]he plaintiff bears the burden of establishing personal jurisdiction over the defendant." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (internal citation omitted); *see Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a plaintiff need only make a prima facie showing of jurisdiction by "pleading in good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). The court must "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks and citation omitted).

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question," the court must first "apply the forum state's long-arm statute." *Id.* If the long-arm statute permits personal jurisdiction, the court then analyzes "whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Id.* at 164.

### B. CPLR § 302(a)(1)

To establish personal jurisdiction under New York's long-arm statute, "two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006); *see* CPLR § 302(a)(1). Under New York law, "[a] defendant need not physically enter New York State in order to transact business, 'so long as the defendant's activities here were purposeful.'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*,

9

7 N.Y.3d 65, 71 (2006)); *see Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007). Indeed, "[t]o meet the transacting business element under N.Y. C.P.L.R. § 302(a)(1), it must be shown that a party purposely availed [himself or herself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation marks and citations omitted). In making a determination as to whether a party transacted business in New York, "courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." *Id.* at 105 (internal quotation marks and citation omitted). To meet the "arising out of" requirement, "there must be a substantial nexus between the transaction of business and the claim." *Id.* (internal quotation marks and citation omitted).

Here, the amended complaint alleges that, upon information and belief, "Ke Hui Jin is the mother of Defendant Jin Xia" and operates Slim Grass Beauty Corp. and Slim Herbal Beauty Corp. as a joint owner and/or manager with Jin Xia. Am Compl. ¶¶ 17, 18. The amended complaint further alleges that, upon information and belief, Ke Hui Jin "participate[s] in the day-to-day operations of Defendant Corporations, manages and makes all business decisions including but not limited to determining wages and compensation of the employees of Defendants (including Plaintiff), establishing the schedules of the employees, maintaining employee records, and has the authority to hire and fire employees." *Id.* ¶ 19. However, defendants argue that Ke Hui Jin did not purposefully avail herself of the privilege of doing business in New York because she, among other things,[5] never conducted a business in New York, had an office or employees in New York,

---

[5] Defendants also argue that "Ke Hui Jin has never resided in New York; never had or applied [for] any professional license or driver's license in New York; never been required to file a New York income tax return; never registered to vote or voted here; . . . never advertised in New York; never had a telephone listing in New York; . . . [and] never had any agent for service of process in New York." Mot. to Dismiss at 10.

10

or owned, managed, worked, or had any monetary interest or shares in Slim Grass Beauty Corp. and Slim Herbal Beauty Corp. Mot. to Dismiss at 10. According to defendants, "Ke Hui Jin had only been to New York on [a] B2 tourist visa a few times" for social visits and "was only introduced by Defendant Jin Xia to Plaintiff when Defendant Ke Hui Jin visited Defendant Jin Xia's businesses." *Id.* at 11. Defendants suggest that plaintiff named Ke Hui Jin in this action only to "cause harassment to . . . Jin Xia." *Id.*

Although the Court may rely on materials beyond the pleadings in considering a 12(b)(2) motion, defendants have not provided a "controverting presentation" through anything other than the argument set forth in the motion papers, and even if they had, the Court must construe the amended complaint in plaintiffs' favor. *Werst v. Sarar USA Inc.*, No. 17-CV-2181 (VSB), 2018 WL 1399343, at *4 (S.D.N.Y. Mar. 16, 2018) (quoting *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 225 (S.D.N.Y. 2013)); *see Martin v. Designatronics Inc.*, No. 17-CV-4907 (DRH)(AKT), 2019 WL 482202, at *5 (E.D.N.Y. Feb. 7, 2019) (holding that defendants "do not provide sufficient information in their moving papers for the Court to determine that [the individual defendants] were *not* working for Defendant Dyson."). Accordingly, plaintiff has sufficiently alleged that Ke Hui Jin transacted business in New York, and that her claims against Ke Hui Jin arise out of her business in New York (e.g., control over employment practices with respect to plaintiff, including, among other things, day-to-day operations, wages and compensation, employee schedules, employee records, and the firing and hiring of employees). *See Werst*, 2018 WL 1399343, at *4; *Machkour v. Espices W. 70th Corp.*, No. 11-CV-688 (JPO), 2011 WL 6288006, at *4 (S.D.N.Y. Dec. 14, 2011).

C. Due Process Considerations

An analysis of whether the exercise of a state's long-arm statute offends the Due Process Clause has two related components: an inquiry into whether the defendants have the "minimum contacts" with the forum state necessary to invoke such jurisdiction, and a broader "reasonableness" test. *See Chloé*, 616 F.3d at 164. To satisfy the reasonableness test, a plaintiff seeking to invoke a state's specific jurisdiction "must still demonstrate that [it] does not offend traditional notions of fair play and substantial justice" to do so. *Id.* at 173 (internal quotation marks and citation omitted).

Here, the minimum contacts portion of the analysis is satisfied for the same reasons that New York's long-arm statute is applicable: Ke Hui Kin purposely availed herself of the privileges of conducting day-to-day operations and making business decisions as an owner and/or manager of two New York corporate entities. Furthermore, the exercise of jurisdiction in this case does not offend traditional notions of fair play and substantial justice.

Therefore, plaintiff has established personal jurisdiction over Ke Hui Jin. Defendants' motion to dismiss the amended complaint against Ke Hui Jin under Rule 12(b)(2) is denied.

**III. Failure to State a Claim against Slim Herbal Beauty Corp. and Ke Hui Jin**

A. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" by the plaintiff will not suffice. *Id.* (internal quotation marks and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"[I]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC*, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quoting *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)).

B. <u>Sufficiency of the Complaint</u>

Defendants argue that the amended complaint does not provide sufficient detail to support a claim against Slim Herbal Beauty Corp. and Ke Hui Jin, as "[t]he entire statement of facts contained in [p]laintiff's amended complaint only references . . . her employment with defendant Slim Grass Beauty." Mot. to Dismiss at 14.

13

The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Federal regulations clarify that "under the FLSA, individuals such as corporate officers acting in the interest of an employer are individually liable for any violations." 29 C.F.R. § 825.104(d) (quotation marks omitted). The Second Circuit uses an "economic reality" test to analyze the "employer-employee relationship" under the FLSA. *Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 772, 730 (1947)). Although the existence of the employment relationship under the FLSA is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances," *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008), courts frequently apply a four-part test, also known as the *Carter* test: "[W]hether the alleged employer '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Velez*, 693 F.3d at 326 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

Here, plaintiff alleges sufficient facts in the amended complaint to satisfy the *Carter* test for Slim Herbal Beauty Corp. and Ke Hui Jin. Plaintiff claims that Slim Grass Beauty Corp. and Slim Herbal Beauty Corp. do business under the same trade name "Slim Grass Beauty" and that both entities are located at 40-20 Main Street, Flushing, New York, 11354 but in different suites—2/F and 2/A. Am. Compl. ¶¶ 9, 11. Plaintiff further claims that, "[f]rom February 15, 2014 to June 23, 2018, [she] was hired by [d]efendants to work as a Masseuse for 'Slim Grass Beauty' located at 40-20 [M]ain [S]treet 2/F and 2A, Flushing, New York, 11354." *Id.* ¶ 32. Moreover, plaintiff alleges, as stated above, that Ke Hui Jin "participated in the day-to-day operations of Defendant Corporations, manages and makes all business decisions including but not limited to determining

14

wages and compensation of the employees of Defendants (including Plaintiff), establishing the schedules of the employees, maintaining employee records, and has the authority to hire and fire employees." *Id.* ¶ 19.  Although defendants claim that plaintiff added Ke Hui Jin "primarily for the purposes of harassing defendant Jin Xia" and that both corporate entities "were owned, registered, and managed by defendant Jin Xia only," Mot. to Dismiss at 14, this is a factual dispute that cannot be resolved at the motion to dismiss stage.  Rather, this "is a matter to be determined on summary judgment or at trial." *Michalek v. Amplify Sports & Entm't LLC*, No. 11-CV-508 (PGG), 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012) (internal quotation marks and citation omitted).  Plaintiff has sufficiently pleaded factual content allowing the Court to draw the reasonable inference that the two corporate entities are acting as the same business, that plaintiff worked as a masseuse at both entities, and that Ke Hui Jin is an owner and/or manager of both corporate entities.  Therefore, defendants' motion to dismiss the amended complaint against Slim Herbal Beauty Corp. and Ke Hui Jin under Rule 12(b)(6) is denied.

## CONCLUSION

Defendants' motion to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED** in its entirety.  Defendants are hereby directed to file an answer to the amended complaint within 14 days of the date of this Order.

SO ORDERED.

_____/s/_____
I. Leo Glasser, U.S.D.J.

Brooklyn, New York
January 6, 2021